UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

      v.

Fester Sayonkon,

        Defendant.

**MEMORANDUM OPINION
AND ORDER**
Criminal No. 16-265(2) ADM/HB
Civil No. 21-2534 ADM

---

Amber M. Brennan, Assistant United States Attorney, United States Attorney's Office, Minneapolis, Minnesota, on behalf of Plaintiff.

Fester Sayonkon, pro se.

---

## I.  INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Fester Sayonkon's ("Sayonkon") Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Docket No. 649] and Plaintiff United States of America's (the "Government") Motion to Dismiss Defendant's § 2255 Motion [Docket No. 662].[1]  For the reasons set forth below, Sayonkon's Motion is denied and the Government's Motion is granted.

## II.  BACKGROUND

On October 30, 2017, a jury returned a verdict finding Sayonkon guilty of conspiracy to commit bank fraud and aggravated identity theft.  Jury Verdict [Docket No. 359].  After being permitted to remain out of custody pending sentencing, Sayonkon cut off his location-monitoring device and fled the jurisdiction.  Sayonkon was extradited to this District in August

---

[1] All citations are to the criminal case docket.

2018 after his apprehension in Toronto, Canada.

On September 18, 2018, Sayonkon was sentenced to a prison term of 151 months, which constituted a 24-month downward variance from the bottom of Sayonkon's advisory guidelines range.  See Min. Entry [Docket No. 504]; Sentencing J. [Docket No. 505] at 2; Statement Reasons [Docket No. 506].

Sayonkon appealed his sentence and conviction, arguing that: (1) the government presented evidence of two separate conspiracies which created a prejudicial variance from the single conspiracy charged in the Indictment; (2) this Court erred in denying Sayonkon's request for a jury instructions on multiple conspiracies; and (3) this Court erroneously applied a two-level increase under the sentencing guidelines for being an organizer, leader, or supervisor of the check-fraud scheme.  United States v. Sayonkon, sub nom., 937 F.3d 1146, 1150-54 (8th Cir. 2019).  On September 11, 2019, the Eighth Circuit affirmed the Judgment in all respects.  Id. at 1154.

Sayonkon had 90 days from the date of the denial of the rehearing to file a petition for writ of certiorari.  See S. Ct. R. 13.1, 13.3.  He did not do so, and his judgment became final on December 11, 2019, when the time expired for filing a certiorari petition expired.  See Clay v. United States, 537 U.S. 522, 527 (2003) ("Finality attaches when [the Supreme] Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires.").

In June 2020, Sayonkon filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).  Mot. Compassionate Release [Docket No. 553].  The Court denied the motion on October 2, 2020.  Mem. Op. Order [Docket No. 575].  Sayonkon filed an appeal

[Docket No. 578] on October 22, 2020, and the Eighth Circuit summarily affirmed on October 28, 2020.  See J. [Docket No. 580].

On November 19, 2021, nearly two years after his Judgment became final, Sayonkon filed this § 2255 Motion.[2]  Sayonkon's § 2255 Motion includes claims that were already raised and rejected on appeal.

The Government has filed a motion to dismiss Sayonkon's § 2255 Motion, arguing it is barred by the 1-year statute of limitations in 28 U.S.C. § 2255(f).  Sayonkon responds that the deadline for filing his § 2255 Motion should be equitably tolled because his prison facility has been on lockdown since the COVID-19 pandemic began and he has been unable to access the law library.  Sayonkon contends that these circumstances prevented him from timely filing his § 2255 Motion.

## III.  DISCUSSION

### A.  Section 2255 Standard

28 U.S.C. § 2255 provides a person in federal custody with a limited opportunity to collaterally attack the constitutionality, jurisdictional basis, or legality of their sentence.  See United States v. Addonizio, 442 U.S. 178, 185 (1979).  Relief is reserved for violations of constitutional rights and for a narrow range of injuries which were outside a direct appeal and which, if untreated, would result in a miscarriage of justice.  See Poor Thunder v. United States, 810 F.2d 817, 821–22 (8th Cir. 1987).

---

[2] Sayonkon's Motion is titled "Rule 60(b) Motion to Open 28 U.S.C. Section 2255 Proceedings."  Since Sayonkon attacks the merits of his of his conviction and seeks relief under 28 U.S.C. § 2255, the Court construes the Motion as a § 2255 petition.

**B. Timeliness**

Section 2255 includes a one-year statute of limitations provision that runs from the latest

of four events:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Sayonkon does not contend that any of the events in subsections (2) through (4) apply to

his case.  Therefore, he was required to file his § 2255 Motion within one year from the date his

judgment of conviction became final.  28 U.S.C. § 2255(f)(1).  Because Sayonkon's Judgment

became final on December 11, 2019, the deadline for Sayonkon to file a § 2255 motion expired

on December 11, 2020.  Sayonkon did not file his § 2255 Motion until November 19, 2021, more

than eleven months after the one-year filing deadline expired.  Accordingly, his § 2255 Motion is

untimely unless equitable tolling applies.

Equitable tolling will apply to § 2255 motions only where "extraordinary circumstances

beyond a prisoner's control prevent timely filing." United States v. Martin, 408 F.3d 1089,

1092-93 (8th Cir. 2005) (internal quotation marks omitted).  To invoke the doctrine of equitable

tolling, a prisoner must show:  "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way."  Deroo v. United States, 709 F.3d 1242, 1246 (8th Cir. 2013).  Equitable tolling is "an exceedingly narrow window of relief."  Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001).

Sayonkon argues that he was prevented from timely filing his § 2255 Motion due to the COVID-19 pandemic.  He contends his facility was on lockdown and quarantine status from March 2020 to November 2021, and he was unable to access the law library to conduct research during this time.

Sayonkon is not entitled to equitable tolling because he has not shown that he has been pursuing his rights diligently.  Sayonkon does not explain why he did not work on his § 2255 Motion in the months between December 11, 2019, when his judgment became final, and mid-March 2020, when the COVID-19 pandemic began.  Additionally, Sayonkon does not claim that he lacked access to writing equipment, or that he was prohibited from contacting the Court while in lockdown.  See Muhammad v. United States, 735 F.3d 812, 815 (8th Cir. 2013) (holding equitable tolling did not apply for prisoner who was denied access to his personal and legal materials and to the prison law library, because prisoner had access to paper and "writing implements" and did not claim he was prohibited from contacting the court).  Indeed, Sayonkon was able to file a compassionate release motion during the time he was on lockdown and quarantine status.

Although Sayonkon claims that he was not allowed access to the prison's law library during the COVID-19 lockdown, the Eighth Circuit has repeatedly held that equitable tolling is not proper where an unrepresented prisoner claims lack of legal resources.  See id. (finding lack

of access to law library did not warrant equitable tolling); <u>Kreutzer v. Bowersox</u>, 231 F.3d 460,

463 (8th Cir. 2000) ("Even in the case of an unrepresented prisoner alleging a lack of legal

knowledge or legal resources, equitable tolling has not been warranted.").  Consistent with this

precedent, several courts have found that lockdown measures imposed during COVID-19 do not

automatically justify equitable tolling, particularly where a defendant does not demonstrate he

has been diligently exercising his rights.  <u>United States v. Spencer</u>, No. 14-cr-322, 2021 WL

5644347, at *7 (D. Minn. Dec. 1, 2021); <u>Reed v. United States</u>, No. 1:21-cv-119, 2021 WL

5196489, at *2–3 (E.D. Mo. Nov. 9, 2021); <u>United States v. Iyamu</u>, No. 18-cr-87, 2021 WL

2156456, at *3 (D. Minn. May 27, 2021); <u>United States v. Haro</u>, No. 8:18CR66, 2020 WL

5653520, at *4 (D. Neb. Sept. 23, 2020).

Because Sayonkon has failed to show circumstances warranting the "exceedingly narrow

window of relief" for equitable tolling, his § 2255 Motion is time-barred.  <u>Jihad</u>, 267 F.3d at 805.

## IV. CERTIFICATE OF APPEALABILITY

The Court may grant a certificate of appealability only where a defendant has made a

substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); <u>Tiedeman v.

Benson</u>, 122 F.3d 518, 523 (8th Cir. 1997).  To make such a showing, "[t]he petitioner must

demonstrate that reasonable jurists would find the district court's assessment of the

constitutional claims debatable or wrong."  <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).  The

Court finds it unlikely that another court would decide the issues raised by this § 2255 Motion

differently, or that any of the issues raised by Sayonkon's § 2255 Motion would be debatable

among reasonable jurists. Thus, the Court declines to grant a certificate of appealability.

## V.  CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS**

**HEREBY ORDERED** that:

1.     Defendant Fester Sayonkon's Motion under 28 U.S.C. § 2255 to Vacate, Set
       Aside, or Correct Sentence [Docket No. 649] is **DENIED**; and

2.     Plaintiff United States of America's Motion to Dismiss Defendant's § 2255
       Motion [Docket No. 662] is **GRANTED**.

   **LET JUDGMENT BE ENTERED ACCORDINGLY.**

                                              BY THE COURT:


                                                 s/Ann D. Montgomery
                                              ANN D. MONTGOMERY
                                              U.S. DISTRICT COURT

Dated:  March 1, 2022